UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-20174-CIV-ALTONAGA/Goodman

PARKVIEW POINT CONDOMINIUM
ASSOCATION, INC.,

      Plaintiff,
v.

ARCH SPECIALTY INSURANCE
COMPANY, *et al.*,

      Defendants.
_____/

**ORDER**

**THIS CAUSE** came before the Court on Plaintiff, Parkview Point Condominium Association, Inc.'s Motion to Remand [ECF No. 30], filed February 14, 2020. Defendants, Arch Specialty Insurance Company and Liberty Surplus Insurance Corporation (together, the "Nonresident Defendants"), filed a Combined Response [ECF No. 46], to which Plaintiff filed a Reply [ECF No. 49]. The Court has carefully considered the parties' written submissions and applicable law.

**I. BACKGROUND**

On November 15, 2019, Plaintiff filed suit in state court seeking damages and declaratory relief from Defendants, Arch, Liberty, and Brown & Brown, Inc., for violations of Florida law. (*See generally* Notice of Removal, Composite Ex. B, Compl. [ECF No. 1-3] 4–22). Both Plaintiff and Brown & Brown are Florida residents. (*See* Notice of Removal [ECF No. 1] ¶¶ 8, 11). Arch is a Missouri corporation with its principal place of business in New Jersey, and Liberty is a New Hampshire corporation with its principal place of business in Massachusetts. (*See id.* ¶¶ 9–10).

CASE NO. 20-20174-CIV-ALTONAGA/Goodman

In September 2017, Plaintiff sustained damages to its property from Hurricane Irma. (*See* Compl. ¶ 10). Arch and Liberty had issued insurance policies to Plaintiff that covered damage to its property. (*See id.* ¶ 11). Plaintiff alleges Arch and Liberty refused to indemnify Plaintiff for the damages caused by the hurricane and that Plaintiff's insurance broker, Brown & Brown, failed to procure the insurance that was requested by Plaintiff or advise Plaintiff of any endorsements or limits in the insurance policies. (*See id.* ¶¶ 19, 32, 39–40).

Plaintiff asserts six causes of action against Defendants. In Count I, Plaintiff states a claim for breach of contract against Arch. (*See* Compl. ¶¶ 43–49). In Count II, Plaintiff alleges Arch violated section 624.155, Florida Statutes, by failing to attempt in good faith to settle Plaintiff's insurance claim. (*See id.* ¶¶ 50–64). In Count III, Plaintiff seeks a declaration against Arch of the parties' rights under the insurance policy. (*See id.* ¶¶ 65–73). In Count IV, Plaintiff states a claim for breach of contract against Liberty. (*See id.* ¶¶ 74–85). In Counts V and VI, for breach of fiduciary duty and negligence, respectively, Plaintiff alleges Brown & Brown failed to procure adequate insurance on behalf of Plaintiff. (*See id.* ¶¶ 86–101). Plaintiff also requests mediation. (*See id.* ¶¶ 102–06).

Liberty filed its Notice of Removal on January 15, 2020, asserting subject matter jurisdiction on the ground of diversity of citizenship under 28 U.S.C. section 1332. (*See generally* Notice of Removal). Arch consented to removal.[1] (*See* Amended Notice of Consent

---

[1] Plaintiff asserts "[r]emoval was untimely with respect to Defendant, Arch, as service was effectuated as to Arch on November 26, 2019 and removal was noticed January 15, 2020; however, Defendants allege that Liberty . . . was not made aware of this action until December 20, 2019." (Mot. 1–2 (alterations added)). Under the last-served defendant rule, "an earlier-served defendant who did not file a notice of removal within 30 days of service may nevertheless consent to a removal filed by a later-served defendant." *Luperon-Garcia v. Mexican Gastronomy Int'l, LLC*, No. 16-24598-Civ, 2017 WL 7796339, at *2 (S.D. Fla. Jan. 3, 2017), *report and recommendation adopted*, No. 16-24598-Civ, 2017 WL

CASE NO. 20-20174-CIV-ALTONAGA/Goodman

to Removal [ECF No. 4]). Liberty maintains Brown & Brown was fraudulently joined and so its presence in the action should not destroy diversity jurisdiction. (*See* Notice of Removal ¶ 11).

Plaintiff filed its Motion to Remand on February 14, 2020. Although Plaintiff does not dispute the amount in controversy exceeds $75,000.00, Plaintiff contends the Nonresident Defendants have failed to establish fraudulent joinder and therefore the Court lacks subject matter jurisdiction. (*See generally* Mot.).

## II. STANDARDS

### A. Request for Remand

Under 28 U.S.C. section 1447(c), a case removed from state court should be remanded if it appears that it was removed improvidently. The burden of establishing federal jurisdiction falls on the party who is attempting to invoke the jurisdiction of the federal court. *See McNutt v. Gen. Motors Acceptance Corp. of Ind., Inc.*, 298 U.S. 178, 189 (1936). Moreover, courts should strictly construe the requirements of removal jurisdiction and remand all cases in which such jurisdiction is doubtful. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941). When the plaintiff and defendant clash on the issue of jurisdiction, uncertainties are resolved in favor of remand. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

### B. Complete Diversity and Fraudulent Joinder

District courts have original jurisdiction over civil actions where the matter in controversy exceeds $75,000.00, and the suit is between citizens of one state and citizens or

---

7803862 (S.D. Fla. Apr. 13, 2017) (citing 28 U.S.C. § 1446(b)(2)(B), (C)). Here, Liberty was first notified of this action on December 20, 2019 (*see* Notice of Removal, Ex. A, Dec. 20, 2019 Email from J. Buchman to S. Green [ECF No. 1-2]), and it timely filed its Notice of Removal on January 15, 2020. Thus, Arch properly consented to removal.

CASE NO. 20-20174-CIV-ALTONAGA/Goodman

subjects of a foreign state. *See* 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity, meaning that every plaintiff must be diverse from every defendant. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). A corporation is "deemed to be a citizen of any State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1) (alteration added). Moreover, pursuant to 28 U.S.C. section 1441(b)(2), a civil action otherwise removable based on diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

Courts have recognized an exception to the complete diversity requirement in cases where a non-diverse party has been fraudulently joined. *See Triggs*, 154 F.3d at 1287. Where a defendant is fraudulently joined, its citizenship is not considered in determining whether complete diversity exists. *See Russell Petro. Corp. v. Environ Prods., Inc.*, 333 F. Supp. 2d 1228, 1231 (M.D. Ala. 2004). In that situation, the federal court must dismiss the non-diverse defendant and deny any motion to remand the matter back to state court. *See Henderson v. Wash. Nat'l. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006).

The Eleventh Circuit has identified three situations in which joinder may be deemed fraudulent: (1) when there is no possibility that the plaintiff can prove a cause of action against the non-diverse defendant; (2) where a plaintiff has pled fraudulent jurisdictional facts to bring the resident defendant into state court; and (3) where a diverse defendant is joined with a non-diverse defendant as to whom there is no joint, several, or alternative liability, and the claim against the diverse defendant has no real connection to the claim against the non-diverse defendant. *See Triggs*, 154 F.3d at 1287 (citations omitted).

4

As with any request for a remand, the removing party bears the burden of demonstrating fraudulent joinder, *see Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997), and must do so by "clear and convincing evidence," *Henderson*, 454 F. 3d at 1281 (citation omitted). All factual allegations must be resolved in a light most favorable to the plaintiff. *See Crowe*, 113 F.3d at 1538. "Where a plaintiff states even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998) (citing *Crowe*, 113 F.3d at 1538; *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1562 (11th Cir. 1989)). Further, the claims against those defendants who are alleged to be fraudulently joined must be obviously frivolous, and the mere possibility of stating a valid cause of action makes joinder legitimate. *See Accordino v. Wal-Mart Stores East, L.P.*, No. 3:05-cv-761, 2005 WL 3336503, at *2 (M.D. Fla. Dec. 8, 2005).

## III. DISCUSSION

The Nonresident Defendants argue only the first basis for a finding of fraudulent joinder: that Plaintiff has failed to demonstrate it has a viable claim against Brown & Brown. (*See generally* Notice of Removal). To prevent an order of remand, the Nonresident Defendants must show "there is no possibility the plaintiff can establish a cause of action against the resident defendant." *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1297 (11th Cir. 2007) (internal quotation marks omitted; quoting *Henderson*, 454 F.3d at 1281).

In the Notice of Removal, the Nonresident Defendants assert there is no possibility Plaintiff can establish a cause of action against Brown & Brown because the claim against Brown & Brown remains premature under Florida law until the coverage dispute between Plaintiff and the Nonresident Defendants has been resolved. (*See* Notice of Removal ¶¶ 14–16).

CASE NO. 20-20174-CIV-ALTONAGA/Goodman

The Nonresident Defendants rely in part on *Blumberg v. USAA Casualty Insurance Company*, 790 So. 2d 1061 (Fla. 2001). (*See id.* ¶ 14). In *Blumberg*, the Florida Supreme Court held a negligence/malpractice action against an insurance agent did not accrue until the insured incurred damages in the coverage action against the insurer, noting "[a] rule that would mandate simultaneous suits would hinder the defense of the underlying claim and prematurely disrupt an otherwise harmonious business relationship." 790 So. 2d at 1065 (alteration added). "The rationale beneath [the *Blumberg*] decision is that it avoids the inconsistency wherein the insured must claim against the insurer that coverage exists while claiming against the agent that coverage does not." *Laurel v. Country Mut. Ins., Co.*, No. 5:14-cv-216, 2014 WL 5431266, at *2 (N.D. Fla. Oct. 27, 2014) (alteration added).

In the Motion to Remand, Plaintiff maintains its suit is distinguishable from *Blumberg* because Plaintiff "has presented one consistent theory of the case" — Plaintiff sued Arch and Liberty "for failing to properly pay for the subject loss" and Brown & Brown "for its breach of fiduciary duties and negligence as it relates to procurement of the subject policy." (Mot. 12). Plaintiff's argument fails to persuade.

The Nonresident Defendants correctly observe "Plaintiff's claims against Brown & Brown are expressly dependent on Plaintiff's proving its coverage claims against Arch and Liberty." (Resp. 17 (emphasis omitted)). On the one hand, Plaintiff alleges Arch and Liberty failed to pay damages covered by the insurance policies (*see* Compl. ¶¶ 43–49, 74–85) and asks the Court to determine Plaintiff's coverage rights (*see id.* ¶¶ 65–73). On the other hand, Plaintiff alleges Brown & Brown negligently failed to procure adequate insurance or to advise Plaintiff of any endorsements or limits in the policies. (*See id.* ¶¶ 39–40, 91, 100). As the Nonresident

6

CASE NO. 20-20174-CIV-ALTONAGA/Goodman

Defendants aptly note (*see* Resp. 17), Plaintiff appears to acknowledge its claims against Brown & Brown are contingent on resolution of its claims relating to insurance coverage: "If [Arch's] position is correct, Brown & Brown was negligent in failing to procure adequate insurance on behalf of Plaintiff[.]"  (Compl. ¶¶ 91, 100 (alterations added; capitalization omitted)).  Thus, Plaintiff's claims against Brown & Brown are premature, and Brown & Brown should be disregarded for purposes of diversity jurisdiction.[2]  *See Witkin Design Grp., Inc. v. Travelers Prop. Cas. Co. of Am.*, No. 16-20484-Civ, 2016 WL 1572964, at *2 (S.D. Fla. Apr. 18, 2016) ("[The plaintiff's] claims against Brown & Brown are contingent and premature, as Brown & Brown's liability for failure to procure becomes an issue only upon a final determination that no insurance coverage exists under the policy issued by [the insurance company]." (alterations added)).

Plaintiff's assertion it has already incurred damages at the hands of Brown & Brown ignores *Blumberg*'s rule.  (*See* Mot. 13–15; Reply 5–8).  As a matter of Florida law, Plaintiff's claims against Brown & Brown will not accrue until Plaintiff incurs damages at the conclusion of the coverage action, despite Plaintiff's allegations of the harm it has suffered as a result of Brown & Brown's alleged misconduct.  *See Blumberg*, 790 So. 2d at 1065.  As the court stated in *Pebb Cleveland, LLC v. Fireman's Fund Insurance Company*, "[i]f the Court determines that [the insurance company] is liable to [the plaintiff] under the policy, then [the insurance brokers] caused no damage to [the plaintiff] because insurance was properly procured.  On the other hand,

---

[2] Plaintiff's other attempts to distinguish *Blumberg* fail.  Plaintiff points to the facts in *Blumberg* that the plaintiff did not allege damages against the insurance agent until his second suit, the insurance agent agreed there was coverage, and coverage was denied (rather than granted in accordance with a sublimit). (*See* Mot. 10; Reply 6); *Blumberg*, 790 So. 2d at 1065.  Plaintiff does not explain why these facts materially distinguish this case from *Blumberg*.

7

CASE NO. 20-20174-CIV-ALTONAGA/Goodman

if the court determines that [the insurance company] is not liable under the policy . . . , then [the insurance brokers] are potentially liable for failure to recommend and obtain adequate insurance coverage to meet the known needs of the insured." No. 14-81496-Civ, 2015 WL 328247, at *2 (S.D. Fla. Jan. 23, 2015) (alterations added).

Finally, Plaintiff argues that even if the claims against Brown & Brown are premature, the case should be remanded so the claims can be abated rather than dismissed. (*See* Mot. 12 n.4; Reply 8–9). Plaintiff states *Blumberg* "prescribes that 'the defense can move for an abatement or stay on the grounds that the negligence/malpractice action has not yet accrued.'" (Mot. 12 n.4 (quoting *Blumberg*, 790 So. 2d at 1066)). Nevertheless, "subsequent cases have clearly established that the proper remedy for premature claims against an insurance agent is dismissal," and "the overwhelming weight of authority favors dismissal over an abatement or stay of those claims." *Witkin*, 2016 WL 1572964, at *3.

Where, as here, "the mere passage of time will not cure the premature element of the claim" because "one of its essential elements is contingent upon the occurrence of an event that may or may not occur," "abatement is not an appropriate disposition, and a dismissal is required." *Shuck v. Bank of Am., N.A.*, 862 So. 2d 20, 25 (Fla. 2d DCA 2003). The Nonresident Defendants correctly observe that in federal cases dealing with fraudulent joinder, "dismissal is the appropriate remedy where a premature action is brought against an insurance broker when the question of coverage has not yet been decided." (Resp. 12 (citations omitted)); *see Witkin*, 2016 WL 1572964, at *3 (denying motion to remand and dismissing claims against fraudulently joined insurance broker); *Pebb Cleveland*, 2015 WL 328247, at *3–4 (same); *Hernandez v. Infinity Indem. Ins. Co.*, 44 F. Supp. 3d 1220, 1223 (S.D. Fla. 2014) (same).

8

CASE NO. 20-20174-CIV-ALTONAGA/Goodman

Indeed, the judicial economy concerns Plaintiff raises (*see* Mot. 15–16) "favor[] the dismissal of [the] claims" rather than an abatement or stay because "[p]arties should not be encouraged to file claims that may never ripen." *Ironshore Indem., Inc. v. Banyon* 1030-32, *LLC*, No. 12-61678-Civ, 2013 WL 4711155, at *8 (S.D. Fla. Aug. 30, 2013) (alterations added).

## IV.  CONCLUSION

For the foregoing reasons, the Nonresident Defendants have met their burden of demonstrating Brown & Brown was fraudulently joined by clear and convincing evidence, and it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff, Parkview Point Condominium Association, Inc.'s Motion to Remand **[ECF No. 30]** is **DENIED**.

2. Defendant, Brown & Brown, Inc. is **DISMISSED** without prejudice.

3. The Nonresident Defendants have until **April 3, 2020** to file their combined response or separate answers to the Complaint.

**DONE AND ORDERED** in Miami, Florida, this 26th day of March, 2020.

*[signature]*
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record